**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maricopa County, et al., | No. CV-14-01372-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Office Depot Incorporated, | |
| Defendant. | |

On October 9, 2019, the Court issued a lengthy order in which it ruled upon seven motions in limine, two motions to exclude expert opinions, and Maricopa County's request for a jury trial. (Doc. 203.) Now pending before the Court are a pair of motions for reconsideration, filed by Maricopa County, that challenge certain aspects of that order. (Docs. 206, 207.) For the following reasons, the Court will require further briefing on the first motion and deny the second motion.

I.  Motion to Reconsider—Krivoshia

In the first motion for reconsideration (Doc. 206), Maricopa County challenges the portion of the October 9, 2019 order that denied Maricopa County's motion to exclude some of the opinions of Office Depot's expert, Patrick Krivoshia.

As background, Maricopa County had argued, in its original motion to exclude, that Krivoshia's decision to apply an across-the-board discount of 20% to all purchases before February 3, 2007 and a 5% across-the-board discount to all subsequent purchases had "no basis in reality" and thus violated Rule 702(b)'s requirement that an expert's opinion be

based upon "sufficient facts or data." (Doc. 171 at 6-8.) In response, Office Depot argued that a particular set of pricing data, known as the MC-OD0000009 data set, supplied the foundation for Krivoshia's application of these discounts. (Doc. 176 at 3-4, 9, 14.) And during oral argument, in response to questioning by the Court about why neither party actually provided the MC-OD0000009 data set as an attachment to its brief, Office Depot's counsel stated: "[W]hile we're happy to provide it to you, the reason that we didn't attach it to our brief is that it is literally thousands and thousands of lines of structured data. And given that there was no challenge to the substance of it, as we understood Maricopa's challenge, we didn't think it was relevant." (Rough Transcript at 89.)

Based in part on this explanation, the Court denied Maricopa County's motion to exclude. (Doc. 203 at 31-35.) Specifically, the Court began by noting that Krivoshia's expert report contained an assertion that "the MC-OD0000009 data set provided factual support for his decision to apply a 20% discount to purchases before February 13, 2007 and a 5% discount to purchases after that date" and stated that the presence of this assertion "suggest[ed] Krivoshia wasn't simply making up the 5% and 20% figures, which is what [*Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997)] prohibits, and instead was grounding his opinions in historical pricing data." (*Id.* at 33.) Next, the Court noted that it was "odd that Office Depot failed to submit the actual MC-OD0000009 data set in support of its response brief" but further noted that "Maricopa County also declined to submit the MCOD0000009 data set." (*Id.* at 33-34.) The Court ultimately concluded that, because Krivoshia claimed he was relying on historical pricing data and the parties hadn't submitted any evidence to prove or disprove this assertion, Office Depot had done just enough to satisfy Rule 702. (*Id.* at 34.)

As an attachment to the motion for reconsideration, Maricopa County supplies a copy of what it claims is the actual MC-OD0000009 data set. (Doc. 206 at 8.) It is a one-page document that contains only a few lines of text. (*Id.*) Maricopa County argues this document cannot possibly provide a valid foundation for Krivoshia's opinions under Rule 702 because, *inter alia*, "[t]here is no testimony of record in this case that sets the

foundation for, authenticates or explains the cryptic content of MC-OD000009—the only explanation of its meaning that has been provided in this case is the description by counsel during the October 4, 2019 argument." (*Id.* at 3.) Maricopa County thus contends that reconsideration is warranted because "Office Depot's counsel for the first time introduced issues at oral argument which plaintiff believes misled the Court into an erroneous ruling." (*Id.* at 1.)

Soon after Maricopa County filed its motion, Office Depot filed a "Notice of Errata." (Doc. 210.) In this document, Office Depot acknowledges that the statements made by its counsel during the hearing about the size of the MC-OD0000009 data set were inaccurate, provides an explanation for why counsel, in good faith, believed the statements were accurate at the time they were made, and concludes by stating that "[i]t does not appear from the Court's decision that counsel's inadvertent error had any bearing on the Court's determination of the motion, but if the Court requests a substantive response to Maricopa's reconsideration motion pursuant to Local Civil Rule 7.2(g)(2), Office Depot will provide one." (*Id.* at 2.)

The Court fully accepts Office Depot's explanation that the misstatements during the hearing were made in good faith. Mistakes happen. Nevertheless, the Court would like to receive further briefing on the issues raised by Maricopa County. Accordingly, Office Depot is ordered to file a response (not to exceed 11 pages) by November 4, 2019, and Maricopa County may file a reply (not to exceed seven pages) by November 12, 2019. Although Office Depot is free to invoke the high standard for reversal that applies to motions for reconsideration (see Part II *infra*), it should also attempt to explain, on the merits, why the MC-OD0000009 data set provides an adequate foundation for Krivoshia's opinions under Rule 702(b) and *Joiner*.

II. Motion to Reconsider—CCSF Audit

In the second motion for reconsideration (Doc. 207), Maricopa County challenges the portion of the October 9, 2019 order that granted Office Depot's motion in limine to exclude evidence of an audit that had been conducted by CCSF.

As background, the contract between CCSF and Office Depot was in effect from January 2005 to November 2009. After learning that other entities had conducted audits of their contracts with Office Depot, which subsequently resulted in settlements, CCSF conducted its own audit and found millions of dollars in overcharges. In its motion in limine, Office Depot moved to exclude evidence concerning the CCSF audit on three grounds: (1) Rule 408 (settlement evidence); (2) hearsay; and (3) Rule 403 (unfair prejudice and jury confusion). (Doc. 158.)[1]

In the October 9, 2019 order, the Court agreed with Office Depot in part and thus granted its motion in part. (Doc. 203 at 17-23.) Specifically, although the Court clarified that Rule 408 did not bar the admission of the CCSF audit (*id.* at 19-20), the Court concluded the audit didn't fall within Rule 803(8)'s hearsay exception for public records because it was prepared in anticipation of litigation (and without a hearing) and thus wasn't trustworthy. (*Id.* at 20-21). The Court also held that the audit wasn't admissible under Rule 703 because Maricopa County's expert stated during his deposition that he didn't rely on the audit when formulating his opinions. (*Id.* at 22.) Given these determinations, the Court concluded under Rule 403 that Maricopa County could merely refer to the fact that CCSF *conducted* an audit but could not introduce the audit *contents*. (*Id.* at 22-23.)

In its motion for reconsideration, Maricopa County takes issue with the Court's trustworthiness analysis. (Doc. 207.) Specifically, Maricopa County argues that the key consideration in this context is the reliability of the methodology underlying the audit, that the audit here employed an "exemplary" methodology (it was conducted in compliance with government auditing standards by a team led by a highly experienced auditor), and that the audit was initiated well before litigation was anticipated. (*Id.* at 2-3.) Thus, although Maricopa County acknowledges that the CCSF City Attorney became involved in the audit process before the audit was finalized, and further acknowledges that no hearing was ever held, it argues these factors don't render the audit untrustworthy for

---

[1] The motion in limine also sought to exclude evidence of an audit conducted by Maricopa County and of the settlement between CCSF and Office Depot, but Maricopa County's motion for reconsideration only challenges the Court's decision to grant the exclusion request pertaining to the CCSF audit.

- 4 -

purposes of Rule 803(8). (*Id.* at 3-5.) Finally, Maricopa County also argues it couldn't have raised all of these points and arguments in its response to Office Depot's motion in limine due to the Court's page limitations. (*Id.* at 1.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (citation omitted). Indeed, reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). The Local Rules further state that a motion for reconsideration should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" and that "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv. 7.2(g).

These standards are not satisfied here. Maricopa County has merely offered a more refined version of the argument it already offered in its written response to the motion in limine and again during the hearing. Moreover, even if the CCSF audit were somehow deemed trustworthy for purposes of Rule 803(8), its introduction would still trigger Rule 403 concerns. As noted, Maricopa County's expert didn't rely on the CCSF audit when formulating his opinions. A significant risk of confusion would arise if Maricopa County were allowed to introduce opinion testimony from its expert concerning the pricing that he believes should have been available to CCSF under its contract with Office Depot, then were also allowed to dump into evidence the CCSF audit documents, which reflect different calculations and opinions on this topic. That is why the Court concluded, in the portion of the October 9, 2019 order addressing Office Depot's Rule 403 challenge to the audit/settlement evidence, that Maricopa County will only be allowed to refer to the existence of the CCSF audit, not its contents. (Doc. 203 at 22-23.) Maricopa County's

motion for reconsideration doesn't address, much less demonstrate the manifest error pervading, this portion of the Court's analysis.

Accordingly, **IT IS ORDERED** that:

(1) Maricopa County's motion for reconsideration re: CCSF audit (Doc. 207) is **denied**; and

(2) With respect to Maricopa County's motion for reconsideration re: Krivoshia (Doc. 206), Office Depot is ordered to file a response (not to exceed 11 pages) by November 4, 2019, and Maricopa County may file a reply (not to exceed seven pages) by November 12, 2019.

Dated this 25th day of October, 2019.

Dominic W. Lanza
United States District Judge