**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| County of Maricopa, et al., | No. CV-14-01372-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Office Depot Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff Maricopa County's Motion to Allow Filing Under Seal. (Doc. 215.) For the reasons stated below, the motion is denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation

marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). Maricopa County seeks to file its "summary judgment fact statement and attachments thereto" under seal. (Doc. 215 at 1.) The "compelling reasons" standard applies.

Maricopa County gives no reasons whatsoever to justify sealing, other than the assertion that the documents at issue were designated as confidential. (Doc. 215 at 2.) This is insufficient. (Doc. 37 ¶ 14 ["This Order does not authorize the filing of any document under seal."]). Maricopa County has not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added); *see also* LRCiv 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . .")

Thus, the motion is denied without prejudice. To the extent that Maricopa County wishes to try again, it must include—for each document it wishes to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents.

Accordingly,

**IT IS ORDERED** denying without prejudice Maricopa County's Motion to Allow Filing Under Seal (Doc. 215).

Dated this 13th day of November, 2019.

Dominic W. Lanza
United States District Judge