**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maricopa County, et al., | No. CV-14-01372-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Office Depot Incorporated, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Maricopa County's motion for reconsideration of an earlier order denying its motion to preclude testimony from Office Depot's expert. (Doc. 206.) For the following reasons, the motion for reconsideration will be denied.

## RELEVANT BACKGROUND

On June 28, 2019, Maricopa County filed a motion to preclude Office Depot's expert, Patrick Krivoshia, from offering the opinion that, under the CCSF contract, Maricopa County would have received an across-the-board discount of 20% on purchases before February 13, 2007 and an across-the-board discount of 5% on purchases after that date. (Doc. 171.) Specifically, Maricopa County argued that, because these 20% and 5% figures had "no basis in reality," Krivoshia's opinions were not "based upon sufficient facts or data" as required by Rule 702. (*Id.*)

On October 4, 2019, the Court heard oral argument on an array of pretrial motions, including Maricopa County's motion to preclude Krivoshia. (Doc. 205 [transcript].)

During that hearing, Office Depot's counsel argued that Krivoshia had "specifically identifie[d]," in his expert report, a particular set of pricing data (known as the "MC-OD9" data set) that provided the foundation for his 5% and 20% figures. (*Id.* at 69. *See also id.* at 78-79 [Office Depot's confirmation that the MC-OD9 data set provides the factual foundation for Krivoshia's opinion].) In response, the Court asked both parties why they hadn't submitted that data set as an attachment to their respective briefs. Maricopa County's explanation was that "we didn't include it because [we] think it has no bearing to the issue that [Krivoshia] claimed his opinions were covering, the actual prices paid . . . ." (*Id.* at 85.) Office Depot, meanwhile, stated that "while we're happy to provide it to you, the reason that we didn't attach it to our brief is that it is literally thousands and thousands of lines of structured data. And given that there was no challenge to the substance of it, as we understood Maricopa's challenge, we didn't think it was relevant." (*Id.* at 89.)

On October 9, 2019, the Court issued a 48-page order that resolved an array of different motions in limine, expert preclusion motions, and other motions filed by the parties. (Doc. 203.) As for Maricopa County's motion concerning Krivoshia, the Court concluded it should be denied because Krivoshia's expert report stated that the MC-OD9 data set "provided factual support for his decision to apply" the challenged discounts and "[t]hese references suggest Krivoshia wasn't simply making up the 5% and 20% figures . . . and instead was grounding his opinions in historical pricing data." (*Id.* at 33.) The Court did note it was "odd" that neither party had submitted the actual MC-OD9 data set as part of the briefing process but concluded that, because "Krivoshia asserted in his report that a particular data set provides the factual foundation for his opinions and Maricopa County hasn't shown this assertion is inaccurate," the proper outcome was to allow Krivoshia to testify and then allow Maricopa County to challenge his assumptions through cross-examination. (*Id.* at 33-34.)

On October 23, 2019, Maricopa County filed a motion to reconsider the denial of its motion to preclude Krivoshia's opinions. (Doc. 206.) In support of the motion, Maricopa County provided a copy of the actual MC-OD9 data set—which, contrary to the

representations made by Office Depot's counsel during oral argument, is less than one page long. (Doc. 206 at 8.)

On October 24, 2019, Office Depot filed a notice of errata acknowledging that counsel's statements during oral argument concerning the size of the MC-OD9 data set were inaccurate. (Doc. 210.) This notice also explained why counsel had a good-faith belief in the accuracy of the statements at the time they were made. (*Id.*)

On October 25, 2019, the Court issued an order that, *inter alia*, "fully accept[ed] Office Depot's explanation that the misstatements during the hearing were made in good faith" but ordered Office Depot to file a substantive response to the reconsideration motion. (Doc. 211 at 1-3.)

On November 4, 2019, Office Depot filed its response. (Doc. 212.)

On November 12, 2019, Maricopa County filed a reply. (Doc. 216.)

## ANALYSIS

Maricopa County argues that reconsideration is warranted because (1) Office Depot made new arguments during the October 4, 2019 oral argument that "misled the Court into an erroneous ruling" and (2) the MC-OD9 data set "applied only to purchases of certain non-stock items by two of the many CCSF departments," and the prices for these items were negotiated on an *ad hoc* basis, so the analytical gap between the MC-OD9 data set and Krivoshia's opinions is too significant to pass muster under Rule 702. (Doc. 206; Doc. 216.) In response, Office Depot argues that (1) a motion for reconsideration is an inappropriate vehicle for advancing such arguments because Maricopa County was aware of the MC-OD9 data set when it filed its original exclusion motion and (2) on the merits, the MC-OD9 data set adequately supports Krivoshia's opinions because his report pertained to a hypothetical determination of what Maricopa County would have paid under the CCSF contract, rather than what Office Depot actually charged CCSF. (Doc. 212.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already

thought through—rightly or wrongly.'" *Id*. (citation omitted). Indeed, reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). The Local Rules further state that a motion for reconsideration should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" and that "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." LRCiv. 7.2(g).

Given these principles, the Court agrees with Office Depot that the arguments now being raised by Maricopa County do not constitute a permissible basis for granting reconsideration. Although Office Depot's failure to attach the MC-OD9 data set to its response to the exclusion motion was unfortunate, and although Office Depot's counsel's inaccurate statements during oral argument didn't help things, the bottom line is that Krivoshia's report clearly referenced the MC-OD9 data set. (Doc. 171-1 at 17 n.47.) Thus, to the extent Maricopa County believed the data set failed to provide an adequate foundation for Krivoshia's opinions, it could and should have attempted to prove its point by providing the data set during the earlier briefing process. Maricopa County's explanation during oral argument on October 4, 2019 for why it failed to do so—the relevance of the data set wasn't apparent to it at the time (Doc. 205 at 85)—means the current motion must be denied. Reconsideration is an extraordinary remedy generally reserved for the discovery of new and previously unavailable information or authority, not the belated recognition of the relevance of existing information.

Finally, although the merits-based reasons for excluding Krivoshia's opinions that Maricopa County develops in its reconsideration motion present a close call, the Court is not convinced they are so strong as to demonstrate that the October 9, 2019 order was manifestly erroneous. An expert opinion must be "based on sufficient facts or data." Fed. R. Evid. 702(b). The Supreme Court has emphasized that "nothing in either *Daubert* or

the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). *See also City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) ("*Joiner* requires an expert to justify a foundational assumption or refute contrary record evidence."). However, "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). "Basically, the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013).

Here, Krivoshia's invocation of, and reliance upon, the MC-OD9 data set adequately establishes that his opinion is not unreliable nonsense. His objective was to "develop independent opinions related to the extent to which Maricopa County . . . may have been overcharged for purchases of office products." (Doc. 171-1 at 5.) His basic methodology was to make "a comparison between Maricopa's total spending (net of rebates) under the L.A. County Contract and what those same items would have cost under the CCSF Contract." (*Id*. at 13.) In reaching his opinion about what Maricopa County would have been charged under the CCSF contract, Krivoshia relied on MC-OD9, which is Office Depot's pricing structure under certain contracts for certain goods during the relevant time. (*Id.* at 17 n.47.) This suggests Krivoshia's opinion is not unreliable nonsense, but rather an attempt with some foundation in fact at estimating Maricopa County's hypothetical outlays under the CCSF contract. (Doc. 212 at 10-12.) Maricopa County's main point—these were not the prices CCSF actually paid—is certainly a strong basis for impeaching Krivoshia's opinion, but it's not a basis for excluding his opinion altogether.

…

…

Accordingly, **IT IS ORDERED** that Maricopa County's motion for reconsideration (Doc. 206) is **denied**.

Dated this 13th day of December, 2019.

Dominic W. Lanza
United States District Judge