**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| County of Maricopa, et al., | No. CV-14-01372-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Office Depot Incorporated, | |
| Defendant. | |

Pending before the Court is Office Depot's motion to bifurcate. (Doc. 226.) For the following reasons, the motion will be granted.

## BACKGROUND

In this contract action, Maricopa County contends it was overcharged by Office Depot for office supplies and that it should have been charged the lower prices that were allegedly available to the City and County of San Francisco ("CCSF") under CCSF's separate contract with Office Depot.

One of Office Depot's defenses is that Maricopa County's claims are barred by the statute of limitations. (Doc. 208.) Specifically, Office Depot contends that Maricopa County received notice of its potential claims by no later than 2008, when Maricopa County representatives began receiving emails from David Sherwin, a former Office Depot salesman, that accused Office Depot of overcharging on government contracts. Maricopa County disagrees, arguing that the discovery rule tolls the statute of limitations and that it did not receive proper notice of its claims until after August 2009, when it first became

aware of the CCSF contract. (Doc. 213.)

On January 13, 2020, the Court issued an order denying the parties' cross-motions for summary judgment concerning the statute of limitations. (Doc. 225.) In a nutshell, the Court held that

> [D]isputed issues of material fact preclude the entry of summary judgment in either party's favor concerning when Maricopa County's claims accrued. Although Office Depot has presented an array of evidence establishing that, beginning in 2008, Maricopa County should have suspected (and did suspect) that Office Depot was engaging in *some* form of pricing-related misconduct, the emails from Mr. Sherwin did not contain any allegations concerning the CCSF contract. Instead, the emails alleged that Office Depot was offering lower pricing under certain other contracts, and Office Depot and U.S. Communities responded to Mr. Sherwin's allegations by forcefully and repeatedly declaring that he was wrong. Reasonable jurors could disagree about whether this state of affairs should have put Maricopa County on notice that an entirely different contract of which Maricopa County was unaware— Office Depot's contract with CCSF, which was apparently one of innumerable contracts Office Depot had with government agencies around the country—actually offered lower pricing. Reasonable jurors also could disagree about whether the terms of the CCSF contract were simply "the specific facts" Maricopa County needed to establish its suspected claim (in which case the discovery rule would not apply).

(*Id.* at 20, citations omitted.)

On January 17, 2020, Office Depot filed its motion to bifurcate. (Doc. 226.)

On January 24, 2020, Maricopa County filed a response. (Doc. 228.)

On January 27, 2020, Office Depot filed a reply. (Doc. 229.)

On January 29, 2020, the Court issued a tentative ruling. (Doc. 231.)

On February 5, 2020, the Court heard oral argument. (Doc. 233.)

On February 5, 2020, Maricopa County filed a supplemental brief. (Doc. 234.)

On February 6, 2020, the Court held a status conference to address Maricopa County's supplemental brief. (Doc. 236.)

…

…

…

# DISCUSSION

A. <u>Legal Standard</u>

Rule 42(b) provides that a district court "may" order separate trials "of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" when doing so would promote "convenience, . . . avoid prejudice, or . . . expedite and economize." Fed R. Civ. P. 42(b). District courts have "broad discretion" when deciding whether to bifurcate a trial. *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016). The decision is reviewed for abuse of discretion, and reversal is merited only when the ruling is "beyond the pale of reasonable justification under the circumstances." *Id*. (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

B. <u>Office Depot's Initial Proposal</u>

In its written motion, Office Depot asks the Court to hold a first trial limited to statute-of-limitations issues and then, if necessary, select a new jury to hold a separate trial on the merits of the case. (Doc. 226.) Office Depot contends that bifurcating the trial in this manner will promote judicial economy because a first trial limited to the statute of limitations would be very short and, depending on the outcome, may save weeks of trial time. (Doc. 226 at 7.) Office Depot further argues that the statute-of-limitations question is relatively simple and there is little overlap between the evidence bearing on that issue and the evidence bearing on the merits of the case. (*Id*. at 7-10.) Finally, Office Depot argues that admitting the Sherwin emails in a consolidated trial would create a risk of prejudice and confusion—although the emails are relevant to Office Depot's statute-of-limitations defense, they accuse Office Depot of wrongdoing and thus may induce the jury to hold Office Depot "generally liable." (*Id*. at 13.) Maricopa County, in response, argues that limiting instructions would be sufficient to address any risk of prejudice and confusion and that a bifurcated trial would not, in fact, promote judicial economy. (Doc. 228.)

Office Depot's initial bifurcation suggestion is unavailing. First, Office Depot overstates the judicial-economy benefits that would flow from bifurcating the trial in this manner. To be sure, the Sherwin emails don't go to the merits of the case. Nevertheless,

for Maricopa County to meaningfully respond to the introduction of the Sherwin emails and explain why its claims accrued in 2009 rather than 2008, it would need to delve into the merits of its claims. Among other things, Maricopa County would have to introduce evidence regarding the CCSF contract, explain its rather complicated theory of liability, show how the allegations in the Sherwin emails differ from its current claims, and demonstrate why the Sherwin emails were therefore insufficient to impart sufficient notice to trigger the statute of limitations. In short, the "one or two day[]" trial that Office Depot predicts in its motion (Doc. 226 at 9) may be much longer than that and may require the introduction of a substantial amount of evidence that would also be admitted in the second trial. Bifurcation is not required or advisable under these circumstances. *Cf. Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333-34 (11th Cir. 2016) ("The district court did not abuse its discretion in denying the clinics' motion to bifurcate . . . [because] there was substantial overlap in the issues, facts, evidence, and witnesses. Separate trials would have resulted in wasteful litigation and duplication of judicial efforts.").

Additionally, it's unclear whether this bifurcation procedure could avoid the need for two trials. Maricopa County has argued that each purchase it made from Office Depot constituted a new triggering event for statute-of-limitations purposes. The parties entered into a tolling agreement as of August 2013 (Doc. 209-4 at 42-44), so any claim that accrued after August 2009 wouldn't be barred by the four-year statute of limitations, and Maricopa County's purchasing activity continued through November 2009. Thus, assuming that Maricopa County's continuing breach theory is accurate (which is an issue the parties haven't yet briefed or raised for the Court's resolution),[1] it follows that a victory by Office

---

[1] Office Depot has suggested, in recent filings, that Maricopa County is no longer asserting a continuing breach theory. (Doc. 218 at 3 ["Maricopa does not dispute that its claims involve a single purported breach that, absent any exception to the ordinary rules, accrued on January 2, 2006."].) This is inaccurate. In the parties' Joint Proposed Pretrial Order, although Office Depot *asserted* that Maricopa County's acknowledgment that the Administration Agreement is a contract for services means "that its claims for the three-month period of August 23 to November 20, 2009 . . . are, along with all of Maricopa's claims predating August 23, 2009, barred by" the statute of limitations, Maricopa County disputed this assertion and identified it as an unresolved issue of law. (Doc. 186 at 72-73.) Additionally, Office Depot has submitted a proposed jury instruction (which it asserted during oral argument is now in need of revision) providing that "Maricopa County's claims are limited to the time period between August 23, 2009 and November 30, 2009. If you

1  Depot during the first trial wouldn't eliminate the need for a second trial—it would merely
2  reduce the amount of damages at issue in the second trial.

### C. Office Depot's Oral Proposal During The Hearing

During the motion hearing on February 5, 2020, Office Depot's counsel provided, for the first time, an alternative bifurcation proposal. Under this proposal, the same jury would hear the entire case but the trial would be divided into two phases. During the first phase, the jury would only be tasked with deciding liability and damages and wouldn't receive any instruction on statute-of-limitations issues. Thus, none of the Sherwin emails would be admitted during the first phase of the trial. If and only if Maricopa County prevailed during the first phase, the trial would then proceed to a second phase, addressing the statute of limitations, during which the Sherwin emails would be introduced.

Office Depot's alternative proposal makes sense.[2] Bifurcating the trial in this manner will promote "convenience" and "expedite and economize" because a second phase may be unnecessary and the second phase won't, in any event, result in the admission of duplicative evidence—the jury will already be familiar with Maricopa County's liability theory. Additionally, this proposal will be useful in "avoid[ing] prejudice" to Office Depot because the jury won't be exposed to the Sherwin emails until it has already decided liability and damages.

The only hiccup is that, in a supplemental brief filed after the motion hearing, Maricopa County stated that its "primary witness with regard to the statute of limitations," Carla Harris Bullerdick, has "long standing out of state travel plans which will allow her

---

decide that Office Depot breached the Pricing Commitment, you may award damages, if any, only as to Maricopa County's purchases during this time." (Doc. 183 at 107.) Thus, it appears that the parties still do dispute whether a victory by Office Depot on its statute-of-limitations defense would result in a complete or only partial victory.

[2] It is, of course, not the preferred practice for a movant to uncork an entirely new request for relief (which deviates from the request set forth in its moving papers) during a motion hearing. Nevertheless, the Court declines to make a forfeiture ruling against Office Depot because the Court is persuaded that the alternative proposal is appropriate under Rule 42(b) and will assist the parties in "secur[ing] the just, speedy, and inexpensive determination" of this action under Rule 1. Additionally, in an effort to avoid unfair surprise, the Court allowed Maricopa County to file a supplemental post-hearing brief concerning the alternative proposal.

to participate as a witness only during the first week of [trial], from February 18 through the 21st, but which will prevent her from being present and testifying at trial from February 24 through and including March 10, 2020, after the trial is scheduled to conclude." (Doc. 234 at 2, emphasis omitted.)

During the status conference on February 6, 2020, the Court asked the parties whether it would be possible, in light of Ms. Bullerdick's travel plans, to conduct a *de bene esse* deposition so her testimony could be preserved for use, if necessary, during the second phase of trial. *See generally Holen v. Jozic*, 2018 WL 4518699, *1 (W.D. Wash. 2018) ("Federal Rule of Civil Procedure 32(a)(4)(A) allows a party to use a deposition at trial when the witness is unavailable. Perpetuation depositions—also known as *de bene esse* depositions—preserve testimony for use at trial where the witness may be unavailable to attend trial.") (citation omitted). In response, Maricopa County acknowledged that such a deposition could be scheduled but objected because (1) it prefers to present live testimony from Ms. Bullerdick at trial and (2) the parties are already in the crush of final trial preparation and it would be distracting the squeeze another deposition into the remaining days before trial. In response, Office Depot noted that the parties are already planning to present deposition testimony (as opposed to live testimony) from many other witnesses and disputed whether Ms. Bullerdick is a key witness concerning the statute-of-limitations issues.

The Court is sympathetic to Maricopa County's concerns, but they don't provide a reason to deny bifurcation. Office Depot has raised specific, legitimate concerns about the prejudice that would flow from allowing the jury to review the Sherwin emails before deciding the issue of liability. *Estate of Diaz*, 840 F.3d at 601-04 (holding that the district court erred by failing to order bifurcation and noting that "a limiting instruction may not sufficiently mitigate the prejudicial impact of evidence in all cases"). Although Maricopa County's desire to present live testimony from Ms. Bullerdick at trial is also understandable and legitimate—"[L]ive witness testimony is axiomatically preferred to depositions," *McDowell v. Blankenship*, 759 F.3d 847, 852 (8th Cir. 2014)—the Court concludes, in its

discretion, that Office Depot's concern about prejudice is entitled to more weight and that bifurcation is therefore warranted under Rule 42(b).

Accordingly, **IT IS ORDERED** that Office Depot's Motion to Bifurcate Trial (Doc. 226) is **granted**. The parties shall meet and confer to identify a mutually agreeable time to depose Ms. Bullerdick before she becomes unavailable.

Dated this 6th day of February, 2020.

Dominic W. Lanza
United States District Judge